UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAZARO M.V.,[1]

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

Respondents.

No. 1:26-cv-04446-TLN-SCR

A# 209-214-880

**RELEASE ORDER**

This matter is before the Court on Petitioner Lazaro M.V.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed an opposition. (ECF No. 9.) Petitioner replied. (ECF No. 11.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. FACTUAL BACKGROUND

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner is a fifty-two-year-old noncitizen who entered the United States without inspection about May 20, 2018. (ECF No. 1 at 8.) On January 23, 2019, an immigration judge ordered Petitioner removed to his native country; however, the judge also granted withholding of removal under the Convention Against Torture. (ECF No. 9-1 at 18–19.) On May 21, 2021, immigration authorities released Petitioner from immigration detention on an Order of Supervision.[2] (*Id.* at 13–17.) Petitioner has lived with his family, maintained a stable residence, and obtained gainful employment. (ECF No. 12 at 4.) Petitioner has no criminal history. (ECF No. 9-1 at 3.)

Six years after his order of removal, on December 6, 2025, Petitioner attended a scheduled check-in with U.S. Immigration and Customs Enforcement ("ICE") and ICE detained Petitioner without warning. (*Id.*) Initially, Petitioner was detained at an immigration detention center in Florida. (*See id.* at 9.) In February 2026, three months into his detention, he filed his first habeas petition. *M.V. v. Miami Field Off. Dir.*, No. 2:26-CV-381, 2026 WL 730327, at *1 (M.D. Fla. Mar. 16, 2026). The district court dismissed the petition finding that immigration authorities were entitled to a presumption that Petitioner's detention was reasonable under *Zadvydas v. Davis* because Petitioner had only been detained three months. *Id.* at *4 (citing 533 U.S. at 678 (2001)). The court noted the dismissal was without prejudice to Petitioner refiling a successive petition, if he could make the requisite showing and "should his current detention exceed the six-month mark." *Id.* Petitioner has now been detained over ten months. (ECF No. 1 at 8.) He is detained at the California City Detention Center. (*Id.*)

Respondents seek to remove Petitioner to Mexico, rather than the country named in Petitioner's order of removal. (ECF No. 9.) On January 21, 2026, immigration authorities issued Petitioner a Notice of Removal to Mexico. (ECF No. 9-1 at 27.) There is no record of Petitioner receiving an opportunity to make a fear-based claim for removal to a third country.

Petitioner alleges his civil immigration detention is unconstitutional. (ECF No. 1 at 9.)

---

[2] Petitioner's custody status between his order of removal and May 21, 2021 is not clear on the record before this Court.

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner claims his "current detention is unlawful where removal is not possible in the reasonably foreseeable future" in violation the Fifth Amendment. (ECF No. 1 at 9 (citing *Zadvydas*, 533 U.S. 678).) In opposition, Respondents allege Petitioner has not cooperated with removal, thus, his removal period restarts with each refusal to cooperate; *Zadvydas* does not apply; and Petitioner has not shown removal is not reasonably foreseeable. (ECF No. 9 at 1.)

The Court begins with Respondents' argument that Petitioner is subject to 8 U.S.C. § 1231(a)(2) because he is still in the removal period.

### A. <u>Detention Authority</u>

8 U.S.C. § 1231(a) governs detention of a noncitizen after a final order of removal has been issued. Under § 1231(a), once a removal order is final, the government must "remove the [noncitizen] from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During the initial 90-day removal period, the government shall detain the noncitizen. 8 U.S.C. § 1231(a)(2). However, under § 1231(a)(6), certain noncitizens may be detained beyond the removal period, including "[noncitizens] who have been ordered removed, namely, inadmissible [noncitizens], criminal [noncitizens], [noncitizens] who have violated their nonimmigrant status

conditions, and [noncitizens] removable for certain national security or foreign relations reasons, as well as any [noncitizen] 'who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal.'" *Zadvydas*, 533 U.S. at 688 (citing § 1231(a)(6)).

Respondents contend Petitioner is detained under 8 U.S.C. § 1231(a)(2) (within the removal period) rather than § 1231(a)(6) (detention beyond the removal period). However, Respondents provide no cogent argument as to how Petitioner could possibly still be in the 90-day removal period following his 2019 order of removal. (ECF No. 9.) "The removal period begins on [as relevant here] . . . the date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B). Petitioner's order of removal became final in 2019 and, thus, the 90-day period ran in 2019.[3] (ECF No. 9-1 at 18–19.) The removal period has long since passed.[4] Thus, Petitioner is detained beyond the removal period and his detention is governed by 8 U.S.C. § 1231(a)(6).

B. Fifth Amendment *Zadvydas* Claim

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id*. at 693–94.

In *Zadvydas*, the United States Supreme Court considered prolonged immigration detention under § 1231(a)(6). 533 U.S. 678 (2001). The Court recognized a presumptively reasonable six-month period of detention to effect removal after an order of removal becomes

---

[3] Petitioner did not appeal his removal order, therefore, the order would have become final in 2019, either on the day of the order, if he waived appeal, or upon expiration of the 30-day appeal window. 8 C.F.R. § 1241.1.

[4] To the extent Respondents are arguing that the removal period reset because a district court found Petitioner's current dentition "began" on December 6, 2025, Respondents provide no authority or rational argument for that proposition. (*See* ECF No. 9.) *M.V.*, 2026 WL 730327, at *4. The district court determined the length of detention to discern whether the government was entitled to a presumption, which has no bearing on the statutorily-defined removal period. *M.V.*, 2026 WL 730327, at *4.

final. *Id.* at 701. After the six-month period expires, "once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [g]overnment must respond with evidence sufficient to rebut that showing." *Id.* "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Respondents do not refute that Petitioner has been detained more than six months. (*See* ECF No. 9.) Therefore, Respondents do not benefit from the *Zadvydas* presumption.

Petitioner has also provided good reason to believe that removal is not significantly likely, sufficient to shift the burden to Respondents. *Ruiz-Acosta v. Cent. Valley Annex*, No. 1:26-CV-04371-DAD-JDP, 2026 WL 1846727, at *2 (E.D. Cal. June 26, 2026) (quoting *Sahin v. Casey*, No. 3:26-cv-01078-JES-BJW, 2026 WL 800558, at *2 (S.D. Cal. Mar. 23, 2026) ("the 'good reason to believe' standard is not a very high bar"). Petitioner has now been detained for ten months without any evincible progress toward removal. (ECF No. 1 at 9.)

Respondents do not provide any evidence to rebut Petitioner's showing. Respondents merely argue that Mexico will accept Petitioner when he is ready to consent and that the only barrier to removal is Petitioner's alleged "refusal to cooperate." (ECF No. 9 at 4.) But Respondents provide no actual evidence that argument is true. Even taking it as true, it wholly fails to meet the burden to show that Petitioner's removal is reasonably foreseeable. At most it shows the parties are at an impasse and Respondents have not made any progress towards removal in ten months of Petitioner's detention. The foreseeable future of removal is not shrinking as Petitioner's detention drags on, thus, detention is no longer reasonable. *See* *Zadvydas*, 533 U.S. at 701.

Respondents provide no evidence of efforts to remove Petitioner to Mexico at all. There is no evidence establishing when removal will occur or that necessary arrangements have been finalized; no evidence of a travel document or agreement with Mexico; nor identification of policies, procedures, or plans for removal. (*See* ECF No. 9.) Thus, there is no evidence that

Petitioner's removal is reasonably foreseeable as required by *Zadvydas* for detention to continue to be authorized.

Moreover, the only evidence Respondents provide to show Petitioner has refused to cooperate in removal are duplicate warnings for failure to depart and various instructions sheets that Petitioner has allegedly refused to sign — nothing that would progress his removal. (*See* ECF No. 9-1.) In any event, Petitioner's lack of consent for removal to Mexico does not warrant continued detention. Petitioner has no obligation to cooperate with removal to a third country for which there is no order of removal. *See Jose Angel S.R. v. Warden of Cal. City. Corr. Ctr.*, No. 1:26-cv-03587-TLN-CSK (E.D. Cal. Sept. 11, 2026); *Ramirez-Cespedes v. Chestnut*, No. 1:26-CV-5506-TLN-JDP, 2026 WL 2280956, at *3 (E.D. Cal. Aug. 7, 2026), *report and recommendation adopted*, No. 1:26-CV-5506-TLN-JDP, 2026 WL 2413519 (E.D. Cal. Aug. 18, 2026) (citing *Obando Vargas v. Blanche*, No. 1:26-cv-5343-DAD-AC, 2026 WL 2056618, at *2 (E.D. Cal. July 16, 2026) (rejecting the respondents' argument that the petitioner may be detained indefinitely "because [he] is not agreeing to voluntarily depart to a country he is not from and is under no legal obligation to go to")); *Ruiz-Acosta v. Cent. Valley Annex*, No. 1:26-CV-04371-DAD-JDP, 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026).

Therefore, Petitioner's continued detention is no longer authorized by § 1231(a)(6) and is unlawful. *Zadvydas*, 533 U.S. at 699.

## IV. CONCLUSION

Accordingly, the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. Further, IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Lazaro M.V. (A# **209-214-880**) from custody under the terms of his prior order of supervision. At the time of release, Respondents must provide a copy of this Order to Petitioner and return all of Petitioner's documents and possessions. Respondents must file a **notice of compliance** with this provision by **September 16, 2026.**
2. Respondents are ENJOINED from re-detaining Petitioner absent a travel document for his removal or materially changed circumstances and compliance with constitutional

protections, including a minimum of seven-days' pre-deprivation notice, and strict compliance with the requirements of 8 C.F.R. §§ 241.13(i), 241.4(l).

3. Respondents are further ENJOINED from removing Petitioner to a third country until they first provide a minimum of ten-days' notice of such intent to that particular country and a meaningful opportunity to assert a fear-based claim for relief from removal. If Petitioner asserts a fear-based claim, Respondents must provide him a meaningful opportunity to be heard before an immigration judge, prior to removal.

4. Petitioner's Motion for Temporary Restraining Order (ECF No. 12) is denied as moot.

5. The Clerk of Court is directed to serve this Order on **California City Detention Facility**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATE: September 14, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE